1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    J. DOUGLAS WILSON (DCBN 412811)
3   Chief, Criminal Division

4   THOMAS E. STEVENS (CABN 168362)
    Assistant United States Attorney
5        1301 Clay Street, Suite 340S
         Oakland, California 94612
6        Telephone:  (510) 637-3680
         FAX:  (510) 637-3724
7        Thomas.Stevens@usdoj.gov

8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                             OAKLAND DIVISION

12  UNITED STATES OF AMERICA,           )  CASE NO. CR-14-00071 JST
                                        )
13          Plaintiff,                  )  UNITED STATES' SENTENCING
                                        )  MEMORANDUM
14      v.                              )
                                        )  Date:  July 11, 9:30 a.m.
15  YASUHIRO WATANABE,                  )
                                        )  Courtroom:  2, 4th Fl.; Hon. Jon S. Tigar
16          Defendant.                  )
    _____ )
17

18  **I. INTRODUCTION**

19          The United States respectfully submits this Sentencing Memorandum in connection with the

20  sentencing of defendant Yasuhiro Watanabe ("defendant" or "Watanabe").  The government concurs

21  with the fifty-one month sentence recommended in the Presentence Investigation Report ("PSR"), and

22  submits this memorandum in support of the proposed sentence, and to address certain of the factors set

23  forth in 18 U.S.C. Section 3553(a).

24          In his Plea Agreement, the defendant pleaded guilty to the sole count of an Information that

25  charged him with conspiracy to commit bank fraud (18 U.S.C. § 1349).  The offense arose from the

26  defendant's perpetration of an international fraud scheme in which he and others defrauded Compass

27  Bank and Bank of America of over $550,000.

28

## II. PROCEDURAL AND FACTUAL BACKGROUND[1]

A. <u>Procedural History, Plea Agreement, and the PSR's Guidelines Calculation</u>

The defendant was originally charged by complaint and first appeared in custody in the Western District of Washington on October 31, 2013, whereupon he was transferred to this District and made his first appearance on November 25, 2013. PSR ¶¶ 1, 4. On February 11, 2014, the government filed a single-count Information charging Watanabe with conspiracy to commit bank fraud. *Id.* ¶ 1. The defendant entered his guilty plea on March 21, 2014. *Id.* ¶ 2.

The parties submitted the Plea Agreement to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The parties agreed that, under the advisory Sentencing Guidelines, the total offense level is calculated as follows: the base offense level is seven (§ 2B1.1(a)(1)); the loss is more than $400,000 but not more than $1,000,000 (a fourteen-level increase; § 2B1.1(b)(1)(H)); a two-level increase applies for use of sophisticated means (§ 2B1.1(b)(10)); a four-level increase applies because the defendant was the organizer and leader of the conspiracy (§ 3B1.1(a)); that the defendant would be entitled to a three-level reduction for acceptance of responsibility (assuming that he met the requirements of Sentencing Guidelines Section 3E1.1); and that the resulting offense level was 24. *Id.* ¶ 3; Plea Agreement, ¶ 7. The parties further agreed that an appropriate sentence was a term of imprisonment of not more than 51 months, but not less than 37 months, a requirement to pay no less than $556,000.00 in restitution, and three years' supervised release. Plea Agreement ¶¶ 8, 10.

The Probation Officer's Guidelines calculation is consistent with the calculation above. PSR ¶¶ 24 – 35. Applying level 24 to Watanabe's criminal history category I, the Probation Officer calculated a Guidelines range of 51 to 63 months, and recommended a sentence of 51 months, five years' supervised release with certain conditions (unless Watanabe is deported, in which case other conditions apply if he re-enters the United States), and restitution of $556,744.40. PSR ¶¶ 36 – 40; Sent. Rec., pp. 1 – 2.

B. <u>Offense Conduct</u>

Beginning in 2009 and continuing through early September 2013, Watanabe engaged in a scheme to defraud Compass Bank and Bank of America, which were federally chartered or insured

---

[1] Unless otherwise noted, the facts derive from the PSR and the Plea Agreement.

1   banks.  The defendant was the leader of this scheme, which involved more than five participants, and

2   victimized bank branches located in the Northern District of California (including Concord, California),

3   Nevada, and Arizona, among other places.

4        Watanabe and his coconspirators executed the scheme as follows:  Approximately once per

5   month, the defendant recruited individuals in Japan to travel with him to the United States for the

6   purpose of opening bank accounts in their names at Compass Bank and Bank of America.  Once the

7   accounts were opened, he funded the accounts by causing a wire transfer to be made, usually for $1,000

8   - $2,000, from bank accounts in Japan, to the newly-opened accounts in the names of his coconspirators.

9   Watanabe typically paid his coconspirators' travel costs, and also paid them a fee of approximately

10  $1,000 for their role in the scheme.  The defendant directed his coconspirators to obtain debit cards for

11  the accounts, and to cause one of the cards to be sent to him.  He then returned to Japan and, using the

12  debit cards, purchased goods (mostly jewelry and train tickets) valued in amounts in excess of the funds

13  on deposit.  Watanabe sold these goods for cash.

14       The defendant knew, when he made these purchases, that there were insufficient funds in the

15  accounts to pay for the goods that he had purchased, and that Compass Bank and Bank of America

16  would suffer financial loss as a result of his conduct.  Watanabe's scheme caused losses to Compass

17  Bank of approximately $106,000, and to Bank of America of approximately $450,000.

18  **III.  LEGAL DISCUSSION**

19       The parties and Probation Officer agree that the total offense level is 24, which translates into a

20  Guidelines range of 51 to 63 months.  The Plea Agreement, assuming that the Court accepts it, stipulates

21  to a range of 37 to 51 months.  Thus, the only remaining issue is the number of months' imprisonment,

22  within the parties' agreed-upon range, the Court should impose as part of the defendant's sentence.  In

23  support of the government's recommended sentence of 51 months, the government sets forth below a

24  brief analysis of the relevant sentencing factors recited in Title 18, United States Code, Section 3553(a).

25       A.  § 3553(a)(1):  The nature and circumstances of the offense and history and characteristics of
          the defendant

26       The nature of the offense is serious, given the significant amount of money that the defendant

27  stole, the degree of planning involved, the duration of the scheme, and the number of participants whom

28

GOV'T. SENTENCING MEMORANDUM
CR-14-00071 JST                                   3

the defendant recruited to assist him.  Moreover, the defendant's motive appears to be simple greed; there is no evidence of any other compelling reason for him to commit the fraud (not that such motive would excuse the conduct, but it at least might explain why he did it).

In partial mitigation, and as relevant to the defendant's history and characteristics, the offense appears to have been an isolated chapter in the life of someone who otherwise has been law-abiding. Watanabe has no criminal history, received a college-level education, is the father of young children, and appears to have held regular employment.  PSR ¶¶ 36 – 43, 47, 53 – 57.

B.  § 3553(a)(2)(A) – (C):  The need for the sentence to reflect the seriousness of the offense, respect for the law, and to provide just punishment, deterrence and protection of the public

The United States believes that the imposition of a 51-month sentence will satisfy the policy objectives of Section 3553(a)(2)(A) - (C).  Under the proposed sentence, the defendant, a first-time offender, will serve a significant amount of time in prison, thereby protecting the public from further financial fraud, promoting respect for the law, and deterring others who may contemplate exploiting an apparent gap in the banks' payment processing system with respect to international transactions.  The 51-month sentence would also serve the interests of respect for the law and deterrence because it would obligate the defendant, upon his release, to devote substantial portions of any income he derives to repayment of a restitution order.

## IV. CONCLUSION

For all of the foregoing reasons, the United States recommends that the Court impose upon the defendant the following sentence:  51 months' imprisonment, three years' supervised release with the conditions recommended in the PSR (or, if he is deported, the other conditions that the Probation Officer recommends), restitution of $106,456.78 paid to BBVA Compass Bank, and $450,287.62 paid to Bank of America, and a $100 special assessment.

DATED:  July 3, 2014                              Respectfully submitted,

                                                 MELINDA HAAG
                                                 United States Attorney


                                                 /s Thomas E. Stevens
                                                 THOMAS E. STEVENS
                                                 Assistant U.S. Attorney